## SCHOELLKOPF et al. v. UNITED STATES.
### No. M–232.

Court of Claims.
March 5, 1934.

Percy W. Phillips, of Washington, D. C., for plaintiffs.

John A. Rees, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen. (Elizabeth B. Davis, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiffs, executors and trustees of the estate of J. B. Wilson, deceased, in their income tax return for the calendar year 1925,

deducted in computing the net income subject to tax $40,229.74, as a debt ascertained to be worthless and charged off in the taxable year. Upon an audit of the return, the Commissioner of Internal Revenue disallowed the deduction and made an additional assessment of $8,758.69. The tax shown to be due on the original return and the additional tax were paid by the plaintiffs in due course. Subsequently .$2,167.90 of the amounts so paid was refunded.

Plaintiffs filed a timely claim for refund of $6,413.41, and assigned as grounds therefor that the deduction of $40,229.74 made in the original return represented a bad debt ascertained to be worthless and charged off during the taxable year 1925, and that it was a proper deduction from gross income for that year. The Commissioner of Internal Revenue disallowed the claim for refund on the ground that the loss claimed was a proper deduction during the year 1924. This suit is for the recovery of the additional tax paid by plaintiffs because of the disallowance of the deduction, together with interest.

The applicable provisions of law are subdivisions 4, 5, and 7 of section 214 (a) of the Revenue Act of 1924 (26 USCA § 955 (a) (4, 5, 7):

."Sec. 214. (a) In computing net income there shall be allowed as deductions: * * *

"(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;

"(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *

"(7) Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the commissioner may allow such debt to be charged off in part."

The defendant concedes that the amount in question was charged off plaintiffs' books in the year 1925. It also concedes that the amount was deductible as a bad debt under subdivision 7, rather than a loss under either subdivision 4 or 5 of section 214 (a). It contends, however, that the debt was valueless prior to 1925, and that the plaintiffs had notice of that fact, hence they ascertained its worthlessness prior to the year in which it was charged off.

█ There is no dispute as to the law—that in order to obtain a deduction of a bad debt it must be charged off in the year in which its worthlessness is ascertained by the taxpayer. The sole issue presented, therefore, is: Did the plaintiffs ascertain the worthlessness of the debt in question in the taxable year 1925?

█ The debt represented a deficiency judgment obtained in 1923 by plaintiffs upon the foreclosure and sale of certain lands in Texas, mortgaged by one Lock to the decedent in his lifetime. Lock filed a petition in bankruptcy in May, 1924, listing assets of a value of $177,827.42, and liabilities amounting to $244,322.10. Plaintiffs immediately employed counsel to file a claim in the bankruptcy proceedings for the amount of the deficiency judgment. Plaintiffs also proceeded to make an investigation through the banks of Louisiana of a report which led them to believe that Lock might have substantial assets in that state. No assets were uncovered, and on May 4, 1925, plaintiffs' attorneys informed them the bankrupt estate of Lock had been closed and that the unsecured creditors would receive nothing on their claims. This was the first information plaintiffs had that the debt represented by the deficiency judgment was worthless. While the plaintiffs may have regarded the debt as doubtful value prior to May 4, 1925, there is nothing in the record of the case to justify the conclusion that they at any time prior to that date regarded the debt as worthless or had ascertained it to be so. They had, during the year 1924 when the defendant says the deduction should have been taken, been diligently pursuing measures through their attorneys and the banks to collect it. Under these circumstances, we have found that the plaintiffs ascertained the debt to be worthless in the year 1925, when it was charged off the books.

The plaintiffs are entitled to recover, and judgment in their favor is awarded in the sum of $6,384.66, with interest.